MYTON v. DAVENPORT ET AL.

1. **Mortgage:** FORECLOSURE OF: RECEIVER. Whether in an action to foreclose a mortgage, where the security is inadequate and the mortgagor insolvent. a receiver can be appointed to hold the rents and profits, *quære.*

2. ———: ———: ———. When the rents and profits of the land are applied to the payment of the mortgage debt and necessary expenses incurred in the management and care of the property there can be no ground for the appointment of a receiver.

*Appeal from Scott District Court.*

THURSDAY, SEPTEMBER 18.

ACTION in chancery to foreclose a mortgage. The petition prays that a receiver be appointed to collect and disburse the rents. After the petition was filed a receiver was appointed upon an application to the judge of the District Court. From this order the defendants appeal. The facts of the case appear in the opinion.

*Putnam & Rogers, Cook & Richman* and *Bills & Block,* for appellants.

*L. M. Fisher* and *Thompson & French,* for appellee.

BECK, CH. J.—I. The defendant George L. Davenport executed a mortgage to Charles E. Putnam to secure the separate claims held by eleven persons against the mortgagor, amounting in the aggregate to over twelve thousand dollars. Plaintiff held a claim of seven hundred and eighty-four dollars and forty-six cents, which was secured by this mortgage. Prior mortgages had been executed by Davenport upon the property, consisting of city lots upon which were valuable buildings, used for business purposes. The prior incumbrances amounted to more than seventy-five thousand dollars. The rents of the property, which amounted to a large sum

per month, were collected under the supervision of Mr. Put-
nam and paid to him, and by him disbursed in payment of
interest, taxes, insurance, and expenses of managing the prop-
erty and collecting the rents, except a portion which was paid
to the family of Davenport, who, after the execution of the
last mortgage, had conveyed one of the lots to his wife, and
the other to his two daughters. The rents received by Mr.
Putnam during the time he has had control of the property,
two years and three months, amounted to twenty-one thousand
nine hundred and forty-five dollars, and the sums paid to the
family of Davenport amounted to one thousand seven hun-
dred and fifty dollars. The balance of the rent was appro-
priated as above stated. Davenport gave his whole time and
attention to the care of the property, and received no other
compensation than the payments made to his family. He is
insolvent. Mr. Putnam has paid plaintiff upon his claim,
secured by the mortgage, two hundred and seventy dollars
out of the rents. The plaintiff asks in his petition that the
mortgage be foreclosed, and that a receiver be appointed to
take charge of the property and collect and disburse the rents.
The grounds upon which the appointment of a receiver is
asked are as follows: *First*, the property is inadequate to
pay plaintiff's mortgage and the prior mortgages; *second*, the
mortgagor is insolvent; *third*, the taxes upon the property are
unpaid, and a part of the premises have been sold for the
taxes and have not been redeemed; *fourth*, the interest upon
the mortgages remains unpaid, and is accumulating by com-
pound interest; *fifth*, the rents are not applied to pay the
interest and taxes, but are diverted to other purposes, as the
support of the family of Davenport.

II. It is insisted by defendants' counsel that "the law
and practice of this State in respect to mortgages do not

1. MORTGAGE: authorize the appointment of a receiver to collect
foreclosure of:
receiver. the rents and profits for the benefit of the mort-
gagee, pending a foreclosure suit, on the ground of the in-
adequacy in value of the mortgaged premises to pay the debt

and the insolvency of the mortgagor, when the mortgage neither specifically pledges the rents and profits as security, nor authorizes the mortgagees to take possession before fore-closure." It must be admitted that this position has strong support, in view of the provisions of the statute of this State relating to mortgages and foreclosures. Under the statutes of this State the mortgagor retains the legal title and the right to the possession of land mortgaged. Code, § 1938. A fore-closure can only be had by an action in the court wherein judgment is rendered for the amount due, and a decree is entered directing the sale of the land. A special execution is issued and the sale thereon is subject to redemption, as in cases of sales under general execution. It is expressly pro-vided that until the expiration of the time for redemption the defendant in execution is entitled to the possession of the property. See Code, §§ 3319, 3321, 3102. Now, if the mort-gagor has the right to the possession of the land up to the time his statutory right of redemption after sale expires, without regard to the value of the land or his solvency, it is difficult to see that such right will not be violated by turning him out of possession by the appointment of a receiver before his right and title are divested by a deed made under the fore-closure sale. But we think the questions here raised need not be determined in this case.

III. It cannot be claimed that there would be any ground for the appointment of a receiver in case the rents and profits of the land are applied to the payment of the mortgage debt, and necessary expenses incurred in the management and care of the property. It clearly appears in this case that the rents of the property are so applied. The only items of expenditures by Mr. Putnam, which have not connection with the management of the prop-erty, the payment of taxes and insurance, are those paid to the family of Mr. Davenport. But it is clearly shown that Mr. Davenport's services in taking care of the property have been worth the money paid his family. If these services were

rendered by another the law would require him to be compensated. We see no reason why Mr. Davenport, having rendered the services, may not receive the compensation. No injustice is done plaintiff or any other persons thereby.

IV. It is charged that taxes remain unpaid, and that one of the lots has been sold for taxes. One of the senior mortgagees made an arrangement with Mr. Putnam to pay the taxes; another took an assignment of a tax sale certificate. It would have been well to have paid the taxes and not to have permitted the property to go to sale. But plaintiff ought not to complain, as he received a part of the proceeds of the rent, which, probably, ought to have been applied in payment of the taxes.

It does not appear that the title of the property sold for taxes is in danger of being divested. It is to be presumed that the parties concerned will not permit this to happen.

It is doubtful, indeed, whether plaintiff, and those secured by the mortgage which he seeks to foreclose, being junior incumbrancers, would realize anything upon the sale of the property. But be this as it may, the rights of plaintiff are not alone to be considered. The senior mortgagees are content with the management of the property, and do not demand a change. We think, under the circumstances, equity would not interfere upon the application of plaintiff, a junior mortgagee, holding a comparatively small claim secured upon the property. The plaintiff can pursue his remedy by foreclosure. We are confident that no loss will result to him from the present management of the property pending his action. We are very clear that the record presents no grounds upon which a court of equity may justify the appointment of a receiver, thus taking the property out of the hands of the person chosen by its owners to manage and control it.

The order of the judge of the District Court appointing a receiver is

REVERSED.