## FITZGERALD v. DANIELS.

PRACTICE IN THE SUPREME COURT: SUFFICIENCY OF EVIDENCE: ABSTRACT.

*Appeal from Linn District Court.*

WEDNESDAY, DECEMBER 10.

ACTION in chancery to foreclose a mortgage. Upon the motion of plaintiff the court appointed a receiver, with authority to take possession of the property, collect the rents, pay taxes, make repairs, etc. From this order defendant Daniels appeals.

*A. L. Daniels* and *James D. Giffen*, for appellant.

*Rickel, West and Eastman*, for appellee.

BECK, CH. J.—I. The mortgage in suit was executed by George W. Wilson and wife, who are made defendants. Daniels, another defendant, holds the title of the mortgaged property, having purchased it after the ex-

ecution of the mortgage. All of these defendants answer the petition, which asks besides the relief usually prayed for in such cases that a receiver be appointed to take charge of the property. The pleadings need not be further noticed. The plaintiff, by motion, asked the court to appoint a receiver as prayed for in the petition. Affidavits were filed supporting the motion, which, after hearing, was sustained. From this action of the court Daniels alone appeals, and assigns the same for error in this court.

Defendant insists that the case made by the petition and proofs did not warrant the court in appointing a receiver. The authority of the court in a proper case to grant such releif and thus take the the property out of the hands of its owner, is not denied; the sufficiency of the showing upon which the court acted is alone called in question. We are relieved of the duty to determine whether the court, in any case of foreclosure, may appoint a receiver and thus deprive the owner of the possession of the property and of its rents and profits, a question which we noticed without deciding, in *Myton v. Davenport et al.*, 51 Iowa, 583. As appellant fails to raise this question we are not authorized to decide it.

II. The defendant insists, and he makes no other point, that the showing made upon the motion was not sufficient to entitle plaintiff to the relief granted by the order for the appointment of the receiver, the proofs failing, as he claims, to present a case wherein the court, considering the rights of all parties, was justified in taking the property from the possession of defendant and in putting it into the hands of a receiver. But the abstract fails to show that we have before us all the testimony upon which the court below acted. Under the rules of this court, as enforced in frequent decisions, we cannot review the judgment of the court below, which must, therefore, be

AFFIRMED.