GOODHUE v. DANIELS.

54     19
136     37

1. **Pleading:** ACTION IN REPRESENTATIVE CAPACITY: DENIAL. In an action by a receiver a mere denial that he has properly qualified as such is not sufficient to put such fact in issue, but the facts relied upon should be specifically pleaded.

2. **Res Adjudicata:** MORTGAGE: RECEIVER. Where a receiver of the mortgaged property was appointed in an action of foreclosure, upon an allegation that the property was inadequate to pay the mortgage debt, it was held that such question was adjudicated in that action and could not be again raised in an action by the receiver to collect rents.

3. ——: ——: ——. The decree in such action would also constitute an adjudication upon the right of the plaintiff to the appointment of a receiver and to receive the rents and profits of the property.

*Appeal from Linn District Court.*

MONDAY, JUNE 14.

IN March, 1879, an action was commenced in the District Court of Linn county to foreclose a mortgage executed by one Wilson. It was asked that a receiver be appointed to take charge of the mortgaged property and collect the rents and profits. The defendant was a defendant in that action, and he filed an answer. A decree was afterward duly entered granting the relief asked above mentioned.

This action was afterward brought, and it was alleged in the petition that the plaintiff had been appointed receiver and directed to take charge of the mortgaged property and collect the rents and profits thereof; that plaintiff qualified as such receiver and attempted to collect the rents but the tenants refused to pay the same to him because the defendant had obtained their notes therefor in advance of the rent becoming due. The amount of the notes, when due, and by whom given, was stated in the petition, and that plaintiff became entitled to an equitable lien thereon and on the rents from the time he was appointed receiver; that he demanded the same of the defendant, but he refused to account therefor;

that the defendant had a sheriff's deed to the mortgaged property, under and by virtue of a lien which was subsequent to the mortgage.

In the answer the defendant denied plaintiff had duly qualified as receiver, and admitted he had a sheriff's deed to the premises under a lien junior to the mortgage. It was admitted he took notes from the tenants for the rent in advance of the same becoming due, and alleged the same were taken in pursuance of certain leases made and executed before the action to foreclose the mortgage had been commenced, and that said notes had been sold and transferred before the commencement of said action, and that the rents represented by said notes had been paid to defendant before that time; that at the time the leases were executed and notes given, the defendant was in possession of the mortgaged premises.

To the answer there was a demurrer, which was sustained and a decree entered establishing a lien on said notes for the amount of rent found to be due plaintiff from the time he was appointed receiver, and directing defendant to deliver to plaintiff, within ten days, such an amount of said notes as would equal the amount found due as aforesaid, and in case the defendant failed to deliver the notes as directed, that a general execution issue against him for the amount so adjudged to be due. The defendant appeals.

*James D. Giffen*, for appellant.

*Rickel, West & Eastman*, for appellee.

SEEVERS, J.—I. The ground of demurrer, in substance, was that the defendant had failed to show any right to receive the rents which accrued after the appointment of a receiver. It is insisted the court erred in sustaining the demurrer and rendering a decree, because the answer denied the plaintiff had qualified as receiver. The plaintiff did not bring the action in his individual capacity, but as receiver, or in a representative capac-

1. PLEADING: action in representative capacity: denial.

ity. In such case, a mere denial that the plaintiff had duly qualified as receiver was not sufficient, but the facts relied on should have been stated. Code, § § 2716, 2717. It is also insisted the allegations of fraud contained in the petition were denied in the answer, and hence the decree is erroneous. Such allegations, in the view we take of the case, were immaterial, and in no manner affected plaintiff's right to recover.

II. It is further insisted that, as it was alleged in the petition the mortgaged premises were inadequate as a security, and that default had been made in the payment of the debt, and that such matters were denied in the answer, it was erroneous to render a decree until these issues of fact had been disposed of in the usual manner.

2. RES ADJU-
DICATA:
mortgage:
receiver.

The abstract fails to state that the defendant claimed the right to have these issues of fact determined before the rendition of the decree. As error must affirmatively appear, it is a matter of some doubt whether such issues should not be regarded as waived or abandoned. But be this as it may, such issues must be regarded as having been adjudicated in the original action, and that such adjudication must be regarded as final and conclusive.

III. In the original action the defendant filed an answer and contested the right of the plaintiff to the relief asked. From the decree entered no appeal was taken. The mortgage is not contained in the abstract.

3. ——: ——:
——.

We, therefore, have no means of ascertaining its terms and conditions. It must be presumed to be sufficient to justify the relief granted, unless under the statute a receiver cannot be appointed, or the mortgagee is not in any case entitled to the rents and profits of the mortgaged premises until the statutory period of redemption has expired. This question was suggested but not decided in *Myton v. Davenport et al.,* 51 Iowa, 583; and we have no occasion to determine it now.

The object of the original action was, therefore: *First,* to obtain a foreclosure of the mortgage. *Second,* the ap-

pointment of a receiver; and, *Third*, to obtain an adjudication that the rents and profits should be collected by the receiver and applied as the court should direct.

The decree, among other things, provided "that S. W. Goodhue * * be and he is hereby appointed * * receiver * * with full power and authority to take charge of said premises and collect the rents and profits of said property, pay the taxes thereon, keep the buildings insured and make the necessary repairs thereon, and do and perform all other acts necessary to be done to protect said property and preserve the same from waste."

This, without doubt, we think, is an adjudication that the plaintiff, as receiver, is entitled to the rents, and having been made in an action in which the defendant had the opportunity to be heard, and the court having jurisdiction of the subject matter, it cannot be again adjudicated in this proceeding, but must be regarded as conclusive on the rights of these parties.

It is alleged the personal judgment against the defendant is erroneous, but we think it was the only adequate relief that could be granted.

AFFIRMED.