Paine v. McElroy.

## PAINE v. McELROY.

1. **Mortgage:** FORECLOSURE: RECEIVER FOR RENTS AND PROFITS. The mortgage foreclosed in this case provided as follows: " It is agreed that, in case of default in any respect, so that this mortgage can be foreclosed, the rents and profits of said premises, as well before as after the sale on execution, are pledged to the payment of the moneys secured hereby, and that, on the commencement of an action to foreclose this mortgage, the plaintiff shall be entitled to the appointment of a receiver, with the usual powers, to take and hold the rents and profits for the benefit of the plaintiff, and subject to the order of the court." *Held* that, if plaintiff was entitled under this stipulation to the appointment of a receiver at the *commencement* of his action to foreclose, he was not so entitled at the time he took his judgment and decree,—not, at least, upon a mere showing that the amount of his mortgage and of two prior mortgages was $3,500, and that the land had been sold for taxes in an unnamed amount, and that the value of the land was not more than $4,000,—there being no evidence of insolvency, or of waste or diversion of rents and profits. (As to the right to a receiver for rents and profits during the statutory period of redemption from a foreclosure sale, see *Myton v. Davenport*, 51 Iowa, 585, and *White v. Griggs*, 54 Id., 650.)

*Appeal from Carroll District Court.*

SATURDAY, OCTOBER 22.

ACTION in equity. From the refusal of the county to appoint a receiver, the plaintiff appeals.

*Geo. W. Paine*, for appellant.

*F. M. Powers*, for appellee.

SEEVERS, J.—The plaintiff commenced an action to foreclose a mortgage on real estate. The mortgage, among other things, provides as follows: " It is agreed that, in case of default in any respect, so that this mortgage can be foreclosed, the rents and profits of said premises, as well before as after the sale on execution, are pledged to the payment of the moneys secured thereby, and that, on the commencement of an action to foreclose this mortgage, the plaintiff shall be entitled to the appointment of a receiver, with the usual

powers, to take and hold the rents and profits for the benefit of the plaintiff, and subject to the order of the court." The case came on for trial, and the plaintiff introduced in evidence the mortgage, and showed that he was entitled to a foreclosure. The plaintiff also introduced evidence showing that there were two prior mortgages on the real estate, and that it had been sold for the nonpayment of taxes for 1885. The amount of the incumbrance on the real estate, including the amount due on the plaintiff's mortgage, but excluding the taxes, is about $3,450. The record fails to show the amount of the taxes for which the real estate was sold. The value of the real estate is $4,000. Judgment was rendered for the amount due the plaintiff, and the mortgage was foreclosed, but the court refused to appoint a receiver, and of this the plaintiff complains.

It will be conceded that the rents and profits, by the terms of the mortgage, are pledged for the payment of the mortgage, but the provision in relation to the appointment of a receiver contemplates that such appointment should be made at the commencement of the action to foreclose, upon the theory, we may well suppose, that the foreclosure might be delayed, and that, pending the action, a receiver might be appointed, should the plaintiff, for the protection of his interests, so desire. This is the full extent of the contract; and, conceding that the plaintiff, as a matter of right, was entitled to a receiver pending the action to foreclose, it does not follow that he is entitled to such relief in aid of, or auxiliary to, the foreclosure. It seems to us that when judgment was rendered foreclosing the mortgage, the plaintiff obtained the full measure of relief he was entitled to as a matter of right. Whether, in addition thereto, he is entitled to the appointment of a receiver, depends upon whether a sufficient showing has been made therefor under the practice prevailing in the courts of equity. We shall not stop to determine whether, under the statutes of this state providing that a mortgagor is entitled to redemption, there can be a receiver

appointed during that period. See, however, *Myton v. Davenport*, 51 Iowa, 583; *White v. Griggs*, 54 Id., 650. In the latter case it is said a party can " have a receiver only of property on which he has a lien, and then only when there is danger of its being lost, or materially injured or impaired." The Code so provides.  (Section 2903.)

Conceding, then, that the mortgage creates a lien on the rents and profits, it does not appear that they are being wasted, or that it can reasonably be apprehended that they will be.  It does not appear that the mortgagor is insolvent, or that the mortgaged property is not sufficient to fairly pay all the incumbrances thereon.  Under such circumstances, we do not think a receiver should be appointed.  (2 Jones, Mort., § 1532.) It will be conceded that the sale for non-payment of taxes, and the danger that a superior title may be obtained, is entitled to consideration, and there are some adjudged cases in which this fact seems to have been controlling, or, if not, influenced the court greatly.  But we do not think. it should be so regarded in this case, because the amount of the taxes does not appear.  Such amount may be inconsiderable.  Such presumption should be indulged under the presumption that error must affirmatively appear. Besides this, the plaintiff can proceed under the foreclosure, and obtain title long before the tax purchaser.  The controlling reason, however, why a receiver should not be appointed is, for aught that appears, that the rents and profits are being applied by the mortgagor to the payment of the prior mortgages, and there is no evidence whatever showing waste or insolvency.

                                        . AFFIRMED.