HENRY DEGENER, Appellant, *v.* MARY S. STILES, Respondent.

*N. Y. Supreme Court, First Department, General Term, July* 9, 1889.

*Foreclosure.　Receiver.*—In an action for the foreclosure of a mortgage, where the security is ample, the court will not appoint a receiver, and thereby take the possession of the mortgaged premises from the mortgagor before a decree and sale, even though the parties have made an agreement for the appointment of a receiver prior to such time.

Appeal from order denying a motion for the appointment of a receiver in a foreclosure suit.

*A. Stickney*, for appellant.

*R. B. Alling*, for respondent.

PER CURIAM.—The claim made by the appellant upon this appeal seems to be that a court of equity is bound to decree specific performance of every contract which may be entered into between parties, no matter whether it appears from the facts of the particular case that it is inequitable and unconscionable so to do or not.

The court of equity was organized to relieve the hardships of the law, and was not intended to enforce or aggravate such hardships. This has always been the cardinal principle governing the administration of justice in courts of equity ; and it has been repeatedly held that a court of equity will not lend its hand to aid in the performance of an inequitable act. Therefore, in the case at bar, as it seems that the security is ample, no claim being made but that the mortgage is amply secured, it would be wholly inequitable to take the possession of the property from the mortgagor until it should be done by a decree and sale for

the purpose of satisfying the amount due on the mortgage It being inequitable, a court of equity cannot lend its aid to the enforcement of the agreement for a receiver, notwithstanding the parties may have made such a contract.

The order should be affirmed, with ten dollars costs and disbursements.