AMERICAN INVESTMENT COMPANY, Appellant, v. LELIA
B. FARRAR *et al.*, Appellees.

Mortgage: FORECLOSURE: RECEIVER DURING YEAR FOR REDEMPTION.
Where a mortgage does not, in terms, give to the mortgagee the right
of possession before sale or the termination of the statutory right of
redemption, nor pledge the rents and profits, it is error, upon the peti-
tion of the mortgagee in foreclosure, to appoint a receiver to take pos-
session of the property, or to appropriate the revenue which is derived
therefrom for the benefit of the mortgagee.

*Appeal from Hancock District Court.*—HON. JOHN C.
SHERWIN, Judge.

MONDAY, JANUARY 30, 1893.

ACTION in equity for the foreclosure of a mortgage
on real estate. A receiver of the mortgaged premises
was appointed in vacation, a motion for his discharge
was afterwards made and sustained, and from the order
sustaining the motion the plaintiff appeals.—*Affirmed.*

*Soper, Allen & Morling*, for appellant.

*W. E. Bradford*, for appellee Lelia B. Farrar.

ROBINSON, C. J.—On the twentieth day of August,
1885, the defendants, Georgiana Way and C. C. Way,
made to P. O. Refsell their promissory note for the sum
of six thousand dollars due on the first day of January,
1891, with eleven interest coupons thereto attached,
which provided for the payment of semiannual interest
at the rate of six per cent. per annum from the date of
the note. To secure the payment of the note and
coupons, the defendants named executed to E. S.
Ormsby, as trustee, a mortgage upon the premises in
controversy, situated in Hancock county, which was

thereafter duly recorded.   In September, 1885, Refsell
sold the note, coupons, and  mortgage to the plaintiff,
indorsing the note and coupons in blank; and about the
same time the plaintiff sold them to John Stuart & Co.,
of England.   By the agreement of sale, the plaintiff
guarantied the payment of the coupons as they should
mature, and, in case it was required to pay them, the
title thereto was to revert to the plaintiff and it was to
have a claim against, and lien upon, the mortgaged
premises, subject, however, to so much of the mort-
gage debt as should be unpaid and held by John Stuart
& Co., and also subject to a second mortgage made by
the same mortgagors to Ormsby Bros. & Co.   After
executing the mortgage to secure the indebtedness to
Refsell, the mortgagors sold the mortgaged premises to
the defendant, Henry A. Lott, and then moved from
this state to the state of Tennessee, where they have
since resided.  Lott sold the premises to the defendant,
Lelia B. Farrar, and removed to the state of Illinois,
where he now lives.   Lelia B. Farrar leased the premi-
ses to the defendants, Olson Bros., and went to the
state of Colorado, in which she has since made her
home.   When this action was commenced, Olson Bros.
were occupying and cultivating the mortgaged premises
under their lease, and had thereon a crop, of which
they had agreed to deliver to their lessor a share, as
rent for the year 1891.   The conveyances to Lott and
to Mrs. Farrar were made subject to the incumbrances
which have been mentioned.

The mortgagors and their grantors having failed
to pay interest coupons which matured on or before
January 1, 1891, to the amount of five hundred and
forty dollars, they were paid by the plaintiff.   The
second mortgage to Ormsby Bros. & Co. was foreclosed,
and the mortgaged premises were sold under the decree
of foreclosure on the thirty-first day of March, 1891.
On the thirty-first of January, 1887, the mortgaged

premises were sold for delinquent taxes. They were again sold for delinquent taxes in January, 1889, and subsequent taxes were paid by the purchaser at that sale. In August, 1891, after this action was commenced, the certificate of the last sale was transferred to the plaintiff for three hundred and thirty-four dollars and seventy-five cents, which was the amount required to redeem from that sale. The petition shows that the mortgagors are insolvent; that the mortgaged premises are not sufficient to pay the incumbrances thereon which are senior to the claim of the plaintiff; that the premises have been occupied by tenants who have no beneficial interest in the property, excepting to obtain therefrom as much as possible; that the improvements on the mortgaged land are depreciating in value; and that, by reason of the facts stated, the plaintiff is in danger of losing the security for its claim. A decree for the sum of six hundred dollars, and for the foreclosure of the mortgage, is demanded, and the appointment of a receiver is asked. On the twentieth day of July, 1891, without notice to the defendants, a receiver was appointed, who was empowered to receive and collect the rents and revenues of the mortgaged premises; to insure buildings, redeem the premises from tax sales and pay taxes which might be due. In October, 1891, Mrs. Farrar appeared in court, and filed a motion asking the discharge of the receiver. The motion was sustained, and from that ruling the appeal is taken.

The mortgage in controversy contains conditions and stipulations as follows: "It is agreed that the party of the first part shall pay all taxes before they become delinquent, keep the buildings insured in some company designated by said trustee for at least two-thirds of their value, with loss, if any, payable to said trustee, and shall keep the improvements in a good state of preservation. It is further agreed that if the party of the first part shall fail to perform any of the

covenants in the note or in this instrument, or do or fail to do anything whereby the security for this loan of money may be lessened, that the debt hereby secured shall become due and collectible at once, at the election of the holder, without notice, and this mortgage or trust deed may be foreclosed for the full amount, together with interest, cost, taxes, insurance, and any other sums advanced or expenses incurred on account of the party of the first part, for whatsoever purpose; and any advances so made shall draw interest at ten per cent. per annum. It is further agreed that if, on sale of the mortgaged premises, it fails to bring sufficient to pay the entire claim, with interest, costs, attorneys' fees, and disbursements, the party of the first part agrees to pay the deficiency." The stipulations quoted are the only ones contained in the mortgage which are material to a determination of the questions presented for our consideration. The mortgage does not purport to create any lien upon nor right to the rents or other revenue which may be derived from the mortgaged premises, and does not, in terms, provide for the appointment of a receiver, in any contingency. We are required to determine whether, under the facts and stipulations of the mortgage recited, the plaintiff is entitled to the appointment of a receiver for the mortgaged premises.

Numerous authorities have been cited in support of the claim that the receiver was properly appointed. and should not have been discharged; but whether the claim is well founded depends almost wholly upon the stipulations of the mortgage, and the statutes of this state. Courts exercise the power to take property from the possession of its owner, through the medium of a receiver, with caution, and will ordinarily do so only when there is no other adequate remedy. *Clark v. Raymond*, 86 Iowa, 651. Section 2903 of the Code authorizes the appointment of a receiver "on the peti-

tion of either party to a civil action or proceeding, wherein he shows that he has a probable right to or interest in any property which is the subject of the controversy, and that such property, or its rents or profits, are in danger of being lost, or materially injured or impaired. * * *" Section 1938 of the Code provides that, "in the absence of stipulations to the contrary, the mortgagor of real property retains the legal title and right of possession thereto." There is no stipulation in the mortgage under consideration giving to the mortgagee any other right of possession than that given by the statute. Section 3319 of the Code provides that no deed of trust or mortgage made since the first day of April, 1861, shall be foreclosed in any other manner than by action in court by equitable proceedings. Section 3321 provides for a special execution in case of foreclosure, and for redemption as in case of a sale under general execution. When real property is sold under general execution, the defendant may redeem the property within a year from the date of sale, and during that time is entitled to the possession of the property. Section 3102. Therefore, under the mortgage in question, and the various provisions of the statute to which we have referred, the mortgagors and their grantees were entitled to the possession of the mortgaged property when this action was commenced, and would continue to be entitled to it until the right of redemption from a sale made under judgment or a decree of foreclosure should expire. But the right of possession carries with it the right to use the mortgaged premises, to lease them, and to control the revenue which shall be derived therefrom. It follows that a mortgage which does not, in terms, give to the mortgagee the right of possession before sale and the termination of the right of redemption, nor pledge the rents and profits, creates no lien upon nor interest in the right of possession given by the statute, nor upon the

revenue which accrues from it. To take possession of property so mortgaged, or to appropriate the revenue which is derived therefrom for the benefit of the mortgagee, even though done by means of a receiver, would be to violate rights which are created and protected by statute for the benefit of the mortgagor, and those who claim through him, and can not be authorized.

The conclusion we reach finds support in numerous cases which this court has heretofore decided. A difference between the right to appoint a receiver under a mortgage which pledges rents and profits, and under one which does not, was recognized in *Gas Co. v. West,* 44 Iowa, 25. In *Swan v. Mitchell,* 82 Iowa, 308, the mortgage gave to the mortgagee the right of possession in case of default on the part of the mortgagor, and pledged the rents and profits, but there was no express provision in regard to the appointment of a receiver. It was held that the rents and profits were pledged only in case possession should be taken by the mortgagee, and that the appointment of a receiver was not authorized. The fact that the mortgagors were not shown to be insolvent, although mentioned, was not controlling. In *Paine v. McElroy,* 73 Iowa, 81, the mortgage considered pledged the rents and profits, and provided for the appointment of a receiver on the commencement of an action to foreclose it. This court held that the right to the appointment of a receiver was measured by the stipulations of the mortgage, and that, as the appointment was not asked at the commencement of the action, it should not be made when the decree of foreclosure was rendered. In *Myton v. Davenport,* 51 Iowa, 583, the question involved in this case was considered, and views in harmony with the conclusion now reached were expressed, although the question was not fully determined. In *White v. Griggs,* 54 Iowa, 650, it was decided that the insufficiency of the mortgaged property to satisfy the mort-

gage debt, the insolvency of the mortgagor, and the fact that he had disposed of his property to prevent the collection of the mortgage debt, did not justify the appointment of a receiver.

It may be true, as claimed by the appellant, that the case might have been decided on another ground; but the question under consideration was in the case, and the decision was properly based upon it. The record discloses no ground for the appointment of a receiver in this case, and the order of the district court which discharged him was rightly made.    AFFIRMED.