BUTLER v. FRAZER et al.

(Supreme Court, Special Term, New York County. May 15, 1896.)

MORTGAGES—FORECLOSURE—RECEIVERS.
    Where the rents are specifically pledged in a mortgage, insolvency and insecurity need not be shown in order to obtain the appointment of a receiver.

Action by one Butler against one Frazer and others to foreclose a mortgage. On motion for the appointment of a receiver. Granted.

PER CURIAM. The mortgage not only provides for a foreclosure without regard to the adequacy of the security, but assigns the rents and profits to the holder in the event of a default in payment. That the security is insufficient does not seem to be questioned, but the insolvency of the mortgagor is denied, and is not apparent. Nevertheless, the stipulation for foreclosure and the assignment of the rents as security entitles the plaintiff to a receiver. MacKellar v. Rodgers, 52 N. Y. Super. Ct. 360; Bryson v. James, 55 N. Y. Super. Ct. 374. It is where the rents are not specifically pledged that insolvency and insecurity must be shown. Quincy v. Cheeseman, 4 Sandf. Ch. 406. In Degener v. Stiles (Sup.) 6 N. Y. Supp. 474, "the security was ample." To deny a receiver would be to infringe the contract rights of the plaintiff. Motion granted, with costs.