---

(8 App. Div. 308)

SICKELS v. CANARY et al.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

MORTGAGES—FORECLOSURE—APPOINTMENT OF RECEIVER.

An affidavit made by plaintiff's attorney as to the value of the premises, stating that he is informed by plaintiff that it is extremely doubtful whether the premises will sell, subject to the other incumbrances, for enough to pay plaintiff's mortgage, is not sufficient to justify the appointment of a receiver.

Appeal from special term, New York county.

Action by Charles R. Sickels against Thomas Canary and others to foreclose a mortgage. From an order appointing a receiver of the rents of the premises pendente lite, defendants appeal. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Joseph C. Rosenbaum, for appellants.
Jonathan C. Ross, for respondent.

PER CURIAM. There was no proof before the court below to show that the mortgaged premises were insufficient security to pay the mortgage debt. The only affidavit upon the subject of the value of the property was the affidavit of the attorney for the plaintiff, in which he says that he is informed by the plaintiff that it is extremely doubtful whether the mortgaged premises will sell at a foreclosure sale, subject to the incumbrances mentioned, for enough to pay the amount of the mortgage to the plaintiff. There is nothing to show that the plaintiff had any knowledge as to the value of the premises, or upon what he based his statement; nor is the belief of the plaintiff's attorney evidence of the fact. The rule is well settled that, to justify the appointment of a receiver of mortgaged premises, there must be some evidence of the insufficiency of the property to satisfy the mortgage, and in the absence of such evidence the court is not justified in taking the property away from the possession of the mortgagor pending the foreclosure action. As to the value of the property, the defendant swears positively that it is worth at least $100,000, and that statement is not denied, except by a communication of the plaintiff to his counsel, not under oath. We think, therefore, that the appointment of a receiver was unauthorized; and the order appealed from must be reversed, with $10 costs and disbursements, and the motion for a receiver denied, with $10 costs.