(19 Misc. Rep. 218.) .

### BRICK v. HORNBECK et al.

(Supreme Court, Special Term, Kings County.  January 30, 1897.)

MORTGAGES—RECEIVERS IN FORECLOSURE PROCEEDING—DISCRETION OF COURT.

The appointment of a receiver in a foreclosure action is not necessary merely because the mortgage expressly includes the rents and profits, but the court may exercise its discretion therein as in other cases.

Action by Julia E. Brick against Benjamin Hornbeck and others to foreclose a mortgage.    Plaintiff moves for a receiver of the rents of the mortgaged premises.    Denied.

W. M. Ingraham, for the motion.
Darlington & Jenkins, opposed.

GAYNOR, J.    That the mortgage contains a clause, in so many words, mortgaging the rents and profits, does not require the court to appoint a receiver in an action to foreclose the mortgage.    It may nevertheless exercise its discretion.    Unless the land is inadequate security, the appointment of a receiver is an unnecessary annoyance and hardship.    Cases like Shotwell v. Smith, 3 Edw. Ch. 588, are not authorities to the contrary, but only that such a clause in a mortgage is ground for such appointment.    In the foreclosure of a chattel mortgage, the court is not compelled to appoint a receiver.    In the case of a clause in a real-estate mortgage for the appointment of a receiver upon default, the court is not obliged to comply with it.    Degener v. Stiles (Sup.) 6 N. Y. Supp. 474.    Parties may not, by contract, impose an obligation upon courts in such a respect.    Extraordinary remedies are not resorted to, unless required.    It is for the court, in every instance, to determine whether it should take upon itself such a trust, and whether it should do so depends upon whether it is necessary for the security or protection of the mortgagee.

It not being shown that the land is inadequate, the court sees no reason why it should burden itself with the possession and care of the land, and denies the motion.