(24 Misc. Rep. 17.)

### JARVIS v. McQUAIDE et al.

(Supreme Court, Special Term, Kings County. June, 1898.)

FORECLOSURE—AGREEMENT FOR RECEIVER— MOTION TO APPOINT PENDENTE LITE.

A real-estate mortgage provided for the appointment of a receiver pendente lite in case of foreclosure. Without alleging the sufficiency or insufficiency of the security, a motion was made therefor on foreclosure. *Held*, that, while the agreement was enforceable, it could not be enforced on a summary application by motion.

Foreclosure by William S. Jarvis, trustee, against James P. McQuaide and others. On motion to appoint a receiver pendente lite. Motion denied.

Aaron P. Whitehead, for plaintiff.
William L. Stone, for defendant.

JOHNSON, J. This is an action to foreclose a mortgage on real property, and motion is made for a receiver of the rents and profits pendente lite. The motion is based entirely on a clause in the mortgage providing for such a remedy, no allegation being made as to the sufficiency or insufficiency of the security. On authority this motion must be denied. Sickles v. Canary, 8 App. Div. 308, 40 N. Y. Supp. 948; Brick v. Hornbeck, 19 Misc. Rep. 218, 43 N. Y. Supp. 301; Degener v. Stiles (Sup.) 6 N. Y. Supp. 474. But, apart from precedents, I think the results should be the same. The remedy by receiver is sui generis, and an outgrowth of the precedents and practice of equity. In a sense it is disseisin before judgment. If a mortgagor should stipulate as a part of the mortgage that he would not defend a suit to foreclose, or that the time to answer or notice for trial in such an action should be five days, it would hardly be claimed that such a stipulation could be enforced. I am not able to see how an agreement for a receiver pendente lite stands on a different basis. Of course, an agreement for a receiver is enforceable, but enforceable as other agreements are, after trial, and by and through a judgment, and not on summary application and practically by mesne process.

The practice allowing a receiver, standing as an exception to the rule, though well recognized and understood, I do not think can be extended by agreement. Motion denied, with $10 costs in the cause to defendant, but without prejudice to application on other grounds.

Motion denied, with $10 costs to defendant, without prejudice to application on other grounds.