# THE

# New York Supplement

## VOLUME 66,

AND

## New York State Reporter,

## VOLUME 100.

---

(32 Misc. Rep. 378.)

### UNITED STATES LIFE INS. CO. IN THE CITY OF NEW YORK v. ETTINGER et al.

(Supreme Court, Special Term, New York County. August, 1900.)

MORTGAGES—RECEIVER—PROVISION FOR APPOINTMENT—WHEN ENFORCED.

A covenant in a mortgage extending the lien thereof to the rents and profits, and providing for the appointment of a receiver in case of foreclosure, will not entitle the mortgagee to the appointment of a receiver, where it appears that the taxes upon the property have been fully paid, that the interest was met when last due, that the persons liable for the debt are solvent, and that the premises are adequate security for the mortgage debt.

Action by the United States Life Insurance Company in the City of New York against Moritz Ettinger, and Moritz Ettinger and Maurice H. Baumgarten as executors, and others, for the foreclosure of a mortgage. Motion by plaintiff for the appointment of a receiver. Motion denied.

Donald B. Toucey, for plaintiff.
Maurice Rapp, for defendant Nathan.

GIEGERICH, J. It appears affirmatively from the opposing affidavits, without denial by the applicant, that the taxes upon the mortgaged premises have been fully paid, that the interest upon the bond and mortgage in suit was met when last due, that the persons liable for the debt are solvent, and that the premises in question are adequate security. The plaintiff relies solely upon the covenant contained in the mortgage, which virtually mortgages the rents and profits of the premises, and permits the appointment of a receiver,

66 N.Y.S.—1

without regard to the solvency of the mortgagees or the value of the mortgaged premises. While it is true that such provision is entitled to "consideration and weight," it is equally true that "courts of equity will not enforce such a provision in a mortgage when it would be inequitable or unconscionable to do so." Fletcher v. Krupp, 35 App. Div. 586, 55 N. Y. Supp. 146; Degener v. Stiles (Sup.) 6 N. Y. Supp. 474; Brick v. Hornbeck, 19 Misc. Rep. 218, 43 N. Y. Supp. 301. Under the circumstances disclosed, the appointment of a receiver would involve a disregard of all the equities in the case.

Motion denied, with $10 costs.