(89 App. Div. 137.)

SAGE v. MENDELSON et al.

(Supreme Court, Special Term, New York County. December, 1903.)

1. MORTGAGE—FORECLOSURE—RECEIVER.
    Where a bond and mortgage contained a clause pledging the rents and profits of the mortgaged premises in case of default, the mortgagee is entitled to a receiver pendente lite without showing inadequacy of the security.

Action by Russell Sage against Louis Mendelson, Jeanette Mendelson, and others. Motion for receiver pendente lite granted.

Reed & Reed, for plaintiff.
Ingram, Root & Massey, for defendant Isabella Fisher.
Henry Smith, guardian ad litem.
Nash & Jones, for defendant Lillian Brenda Fisher Browning.
Milton Mayer, for defendant Bernard Lippman.

LEVENTRITT, J. Motion for a receiver of rents pendente lite. The bond and mortgage contain a clause pledging and assigning the rents and profits in the event of default. No interest, except a small sum, and no taxes, have been paid for several years. In Ross v. Vernam, 6 App. Div. 247, 39 N. Y. Supp. 1032, the court say:

"In the absence of a clause in the mortgage pledging the rents and profits of the premises as security for the mortgage debt, the mortgagor is entitled thereto before a sale of the premises is had; and such right can only be defeated by showing that the mortgaged property is an inadequate security for the payment of the mortgage debt, and such facts must appear with reasonable certainty."

In this case there is such a clause.

In Hollenbeck v. Donnell, 94 N. Y. 342, the court say:

"He, having omitted to take a pledge of the rents and profits of the whole premises, * * * was not entitled to a receivership."

¶ 1. See Mortgages, vol. 35, Cent. Dig. §§ 1371, 1374, 1375.

In this case there is no such omission.

In Butler v. Frazer (Sup.) 57 N. Y. Supp. 900, where rents were specifically pledged, as here, a receiver was appointed, the court saying:

"It is where the rents are not specifically pledged that insolvency and insecurity must be shown."

To the same effect is Bryson v. James, 55 N. Y. Super. Ct. 374. And see MacKellar v. Rodgers, 52 N. Y. Super. Ct. 360, and Shotwell v. Smith, 3 Edw. Ch. 588.

While the appeal to equity of such a contract stipulation has not always been treated with favor, as is shown by the forceful opinion rendered at the Special Term in the Second Department in Brick v. Hornbeck, 19 Misc. Rep. 218, 43 N. Y. Supp. 301 (Gaynor, J.), I am of the opinion that even under that decision a clause mortgaging the rents and profits is ground for an appointment, though it be not held to impose the mandatory obligation on the court to accept the burden of the custody of the land. The weight of authority, whatever may be said on principle, is in favor of the appointment based on the contract rights conceded by such a clause. But even if we treat the question as still open or unsettled, I think the plaintiff is entitled to a receiver on the general equitable principle of the inadequacy of the security.

It is conceded that it will take $230,000 to secure the plaintiff against loss. The valuations of the real estate experts vary from $215,000 to $290,000. The land is appraised by all at a figure between $130,000 and $140,000, the variation in the estimate being confined almost entirely to different valuations of the buildings. Not one of the defendants' affidavits gives an estimate of what the property is likely to bring on a forced sale. There are vague statements what it would cost to reproduce the present buildings, which, of course, is not the test. The defendant Mendelson, who is the obligor on the bond, without stating what he paid for the property, asserts that, if a purchaser would get the property for $245,000, he would be getting a bargain. The present rental income of the property is asserted to be approximately $2,000 a month. This is not contradicted by those in a position to know. Measuring the value of the property on a 10 per cent. basis, which is probably excessive for the usual high cost of running property of this kind, the estimated value, regardless of forced-sale considerations, would be but $240,000. This, to my mind, leaves too narrow a margin for protection.

Taking all the facts into consideration, not omitting to notice that there is no denial by the defendant administratrix that she has diverted the rents to the payment of the principal of the second mortgage, to the neglect of the interest on the first, I am of the opinion that a receiver should be appointed.

Motion granted.