AETNA LIFE INSURANCE COMPANY *v.* BROEKER ET AL.

[No. 20,813. Filed May 29, 1906.]

1. RECEIVERS. — *Mortgages.*—*Security.*—*Insolvency.*—Ordinarily, before a receiver will be appointed *pendente lite* on the application of a mortgagee, he must show that the mortgaged premises are insufficient to secure his debt and that the mortgagor, or maker of the note, is insolvent. p. 578.

2. SAME.—*Mortgages.*—*Rents and Profits.*—*Security.*—The fact that a mortgage covers not only the premises but the rents and profits thereof does not *per se* require the appointment of a receiver on a foreclosure, where the premises are ample security for the debt. p. 578.

3. MORTGAGES.—*Title.*—*Rents and Profits.*—The beneficial title to mortgaged property is in the mortgagor, and provisions therein for the sequestration of the rents and profits of the mortgaged premises are not of controlling force. p. 578.

Aetna Life Ins. Co. *v.* Broeker—166 Ind. 576.

4. RECEIVERS.—*Nature of Remedy.—Control of, by Parties.*—The appointment of a receiver, being a remedy to conserve and enforce equitable rights, is not of itself an equity and is not the subject of bargain by the parties to a transaction, being enforceable only by the court where equity demands it.  p. 578.

From Floyd Circuit Court; *William C. Utz,* Judge.

Suit by the Aetna Life Insurance Company against Henry B. Broeker and others. From an interlocutory order denying plaintiff's application for a receiver, plaintiff appeals. *Affirmed.*

*Joseph S. Foley* and *Miller, Elam, Fesler & Miller,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellees.

GILLETT, J.—Appellant appeals from an interlocutory order denying its application for the appointment of a receiver to collect rents and profits pending a decree foreclosing a mortgage. There was a showing that the debt which the mortgage was given to secure was more than a year overdue, and that the interest had not been paid since maturity; that the property had been sold at tax sale for $460 two months prior to the institution of the suit; that plaintiff had been required to advance the amount of certain fire insurance premiums, the amount not being specified; that the plaintiff was entitled to recover a five per cent attorney's fee, as stipulated in the note; that there were a number of junior encumbrances against the property; that the makers of the note and mortgage were insolvent; and that the property would not sell for a sum sufficient to pay all of said debts. The bill of exceptions shows that upon the hearing the defendants offered evidence as to the value of the land, but the evidence upon this point is not set out, so that if we consider the case upon the merits it will have to be upon the assumption that the evidence showed that the property was amply sufficient to satisfy the superior lien growing out of the sale for taxes and to pay appellant. We may state in passing that the

note which the mortgage in suit was given to secure provided for five per cent interest before maturity and for eight per cent thereafter. The mortgage provided that the mortgagee should be entitled to rents and profits from and after default, the amount received to be applied in reduction of the mortgage debt in case of redemption. Appellant claims that in view of the provision concerning rents and profits it was, under the admitted circumstances of the case, entitled to have said rents and profits impounded through the medium of a receivership.

The general rule is that to justify the appointment of a receiver *pendente lite* the mortgagee must show that the premises are insufficient to secure the payment of the mortgage debt, and that the mortgagor, or person executing the note, is insolvent. High, Receivers (3d ed.), §643. Where the rents and profits are specially mortgaged a somewhat less stringent rule may be applied, but the existence of such a provision, even when coupled with the stipulation that a receiver may be appointed in case of default, does not, *per se,* require the appointment of a receiver, and ordinarily it is a sufficient reason for refusing the application, notwithstanding such provisions, that the land is an ample security for the debt.

The rule is general in the United States that from the viewpoint of equity the beneficial title to the property is in the mortgagor, and the mortgage is regarded as a mere security. In view of this, courts of equity, according to the weight of authority, are not disposed to give such provisions controlling force.

The appointment of a receiver is a remedy; it is a part of the the procedure of courts of chancery to conserve and enforce equitable rights, but it is not an equity in itself, and parties cannot bargain concerning the exercise of the jurisdiction. Such provisions, no doubt, may be entitled to some weight upon the application,

but a court of equity will not enforce them where it would be inequitable or unconscionable so to do. *Bagley* v. *Illinois Trust & Sav. Bank* (1902), 199 Ill. 76, 64 N. E. 1085; *Hazeltine* v. *Granger* (1880), 44 Mich. 503, 7 N. W. 74; *Paine* v. *McElroy* (1887), 73 Iowa 81, 34 N. W. 615; *C. B. Keogh Mfg. Co.* v. *Whiston* (1891), 14 N. Y. Supp. 344; *Brick* v. *Hornbeck* (1897), 19 Misc. (N. Y.) 218, 43 N. Y. Supp. 301; *Degener* v. *Stiles* (1889), 6 N. Y. Supp. 474; *New York Bldg., etc., Co.* v. *Begly* (1902), 75 Hun, App. Div., 308; *Eidlitz* v. *Lancaster* (1899), 40 Hun, App. Div., 446, 59 N. Y. Supp. 54; *United States Life Ins. Co.* v. *Ettinger* (1900), 32 Misc. (N. Y.) 378, 66 N. Y. Supp. 1; *Jarvis* v. *McQuaide* (1898), 24 Misc. (N. Y.) 17, 53 N. Y. Supp. 97.

In *Brick* v. *Hornbeck, supra,* it was said concerning such a clause as the one before us: "Unless the land is inadequate security, the appointment of a receiver is an unnecessary annoyance and hardship.   *   *   *   Parties may not by contract impose an obligation upon courts in such a respect.  Extraordinary remedies are not resorted to unless required in order to do full justice.  It is for the court in every instance to determine whether it should take upon itself such a trust, and whether it should do so in a case like this depends upon whether it is necessary for the security or protection of the mortgagee."  In *Degener* v. *Stiles, supra,* the court refused to enforce a stipulation that after default the mortgagee should be entitled to the appointment of a receiver without consideration as to the value of the property, it appearing that the security was ample, on the ground that "a court of equity will not lend its hand to aid in the performance of an inequitable act."

The fact that the rents and profits have been specifically mortgaged might afford a reason why the court should not subject the mortgagee to the chance of loss, but we cannot consent to the proposition that, irrespective of the security of the land, he may require the court, as a court of equity,

State, *ex rel., v.* Terre Haute, etc., R. Co.—166 Ind. 580.

to award him a security which he does not need. He may in such a case properly be left to his remedy at law. Having these circumstances in mind, we can by no means assert, upon the admitted facts, that the trial court is shown to have abused its discretion in refusing to sequester the rents and profits upon appellant's application.

Judgment affirmed.