LYNG v. MARCUS.

(Supreme Court, Special Term, New York County. May, 1909.)

1. MORTGAGES (§ 467*)—FORECLOSURE—RECEIVERSHIP PENDENTE LITE.
A receivership clause in a real estate mortgage is not of itself sufficient to authorize the appointment of a receiver of rents pending foreclosure, in the absence of proof that the property is not worth the amount of the mortgage and that the mortgagor is insolvent.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1371–1373; Dec. Dig. § 467.*]

2. MORTGAGES (§ 467*)—FORECLOSURE—RECEIVERSHIP.
Where a real estate mortgage pledges the rents as additional security and contains the usual receivership clause, plaintiff, on commencing a foreclosure proceeding, is entitled to a receiver, without proof that the property is insufficient and that the mortgagor is insolvent.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1371–1373; Dec. Dig. § 467.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit by one Lyng against one Marcus. On defendant's motion to vacate an order for the appointment of a receiver pendente lite. Denied.

Fischer & Rosenbaum, for the motion.
Wm. Duncan Cameron, opposed.

GILDERSLEEVE, P. J. While the usual receivership clause in a mortgage is not of itself alone sufficient to give the plaintiff a right to a receivership of rents pending foreclosure, in the absence of proof that the property is not worth the amount of the mortgage, and that the mortgagor is not responsible (Eidlitz v. Lancaster, 40 App. Div. 446, 59 N. Y. Supp. 54), still, where it is specially stipulated in the mortgage, in addition to the receivership clause, that the rents and profits are pledged as additional security, the rule seems to be different, and the plaintiff has a right to the receivership. Butler v. Frazer (Sup.) 57 N. Y. Supp. 900; Sage v. Mendelson, 42 Misc. Rep. 137, 85 N. Y. Supp. 1008; McKellar v. Rogers, 52 N. Y. Super. Ct. 360.

This motion to set aside the ex parte order appointing a receiver pendente lite of the rents and profits is denied, with $10 costs to abide the event. Settle order on notice.