(40 App. Div. 446.)

### EIDLITZ et al. v. LANCASTER et al.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

MORTGAGE—FORECLOSURE—RECEIVER.

> A receiver of the rents and profits of mortgaged property will not be appointed pending the foreclosure of the mortgage, though it contains a provision for such appointment, and some interest and taxes are due and unpaid, where it appears that not all of the obligors in the mortgage bond are insolvent, and the value of the premises is considerably in excess of the amount secured by the mortgage.

Appeal from special term, New York county.

Application by Mathilde Eidlitz, executrix, and others, against Carrie A. Lancaster and others, for the appointment of a receiver of the rents and profits of certain mortgaged premises pending a

foreclosure of the mortgage. There was an order granting plaintiffs' motion, and defendant Carrie A. Lancaster appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

Louis O. Van Doren, for appellant.

Frederick Hulse, for respondents.

VAN BRUNT, P. J. The statement of facts in the points submitted on the part of the respondents is not entirely accurate. Looking at the record, we find that there is no proof that all the obligors in the bond are insolvent, nor is there any proof as to the value of the mortgaged premises contained in the moving papers. It is true that appended thereto is the affidavit of a real-estate broker that the premises are not worth more than $28,000 or $29,000 (the mortgage being for $30,000), but in said affidavit it nowhere affirmatively appears that the affiant ever saw the premises in question, or that he was able to judge advisedly of their value. It is conceded that some interest and taxes are due, but the overwhelming evidence is that the value of the premises is considerably in excess of the amount secured to be paid by the mortgage, there being six affidavits to that effect, of persons engaged in the real-estate business, who swear that they have examined the premises, and in that way have become acquainted with the value thereof. It is true that the mortgage contains a receiver clause, but it is well established that the existence of such a clause gives the mortgagee no absolute right to the appointment of a receiver, the action for foreclosure being a proceeding in a court of equity, but that such a clause is to be considered, among the other features of the case, in determining the propriety of granting a motion for the appointment of a receiver. There was some evidence in regard to the rent which is being received for the premises not being proportionate to the value of the premises as claimed upon the part of the defendants. But, as some portions of the premises were vacant, this argues little or nothing in respect to their value. The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.