(33 Misc. Rep. 503.)

BROWNING v. SIRE et al.

(Supreme Court, Special Term, New York County. December, 1900.)

MORTGAGES—FORECLOSURE—RECEIVER—APPOINTMENT.

　　Where a clause in a second mortgage provided that the mortgagee should be entitled to the appointment of a receiver as a matter of right, and without regard to the solvency of the mortgagor, in case the taxes, interest, and water rates were not paid, and it appeared that defendant had failed to make such payments, plaintiff was entitled to have a receiver appointed, notwithstanding defendant pleaded usury, the security being doubtful.

　　Actions by Edward F. Browning against Albert I. Sire and others to foreclose three separate second mortgages on defendants' property. Motions by plaintiff for the appointment of a receiver. Motions granted.

　　Robert C. Taylor (Wm. H. Stockwell, of counsel), for plaintiff.
　　Wm. L. Stone, Jr. (A. I. Sire, of counsel), for defendants.

　　BLANCHARD, J. These are applications for the appointment of a receiver in three actions brought to foreclose three separate second mortgages upon three distinct parcels of property situated in the borough of Manhattan, New York City. The applications are submitted together, as practically the same questions are involved in each application. An answer is interposed in each action by the owner of the equity, in which it is claimed that the mortgage sought to be foreclosed is usurious. The moving affidavits show that a considerable sum is due for interest, unpaid taxes, and Croton water rates. Each of the mortgages contains a receivership clause, which states that the plaintiff is entitled to the appointment of a receiver "as a matter of right, and without regard to the value of the premises or the solvency or insolvency of the mortgagor." In action No. 1 plaintiff has secured appraisements from ten real-estate experts, and in actions Nos. 2 and 3 from nine experts, and defendant submits the opinion of thirteen experts. These opinions differ widely, and they are impossible to reconcile. I have reached the conclusion, taking into consideration that this is a second mortgage; that interest, taxes, and water rates to a considerable amount remain unpaid; that the defense of usury is set up in the answers; and that the parties have agreed in the mortgages to the appointment of a receiver of rents in just this case,—that the motions should be granted. Defendant urges that the receivership clause should have no weight, except that otherwise a proper case is made out by plaintiff. Under the authorities, however, it is entitled to some weight, and should be taken into consideration, with the other facts of the case. Manufacturing Co. v. Whiston (Sup.) 14 N. Y. Supp. 344; Fletcher v. Krupp, 35 App. Div. 588, 55 N. Y. Supp. 146; Eidlitz v. Lancaster, 40 App. Div. 446, 447, 59 N. Y. Supp. 54. These applications rest in the discretion of the court, and I am of the opinion that in these cases the security of plaintiff's mortgages is at least doubtful, and that these motions should be granted. Browning v. Stacey, 52 App. Div. 627, 65 N. Y. Supp. 203. Ten dollars costs on each motion to plaintiff, to abide the event.
　　Motions granted; $10 costs on each motion to abide event.