SINNOTT, Appellant, v. CROCHERON et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 27, 1901.) Action by Joseph F. Sinnott, as sole surviving plaintiff, against Mary Crocheron and Margaret Crocheron, as sole surviving defendants. No opinion. Motion for reargument granted.

SIRE, Respondent, v. BROWNING, Appellant. (Supreme Court, Appellate Division, First Department. April 4, 1901.) Action by Albert I. Sire against Edward F. Browning. R. C. Taylor, for appellant. G. Fielden, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 68 N. Y. Supp. 875.

SLOCUM, Appellant, v. MULHERN et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. March 12, 1901.) Action by George H. Slocum against Patrick Mulhern and others. No opinion. Judgment affirmed, with costs.

SMITH, Respondent, v. BELKNAP et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by Sarah Wisner Winthrop Smith against Charles Henry Belknap and others. No opinion. Order affirmed, with $10 costs and disbursements.

SMITH, Appellant, v. BOWERS et al., Respondents. (Supreme Court, Appellate Division, Third Department. March 15, 1901.) Action by Monroe F. Smith against Robert Bowers and others. No opinion. Motion for reargument denied. Motion to go to the court of appeals dismissed. See 68 N. Y. Supp. 169.

SMITH, Respondent, v. BROOKLYN HEIGHTS R. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by Sarah A. Smith against the Brooklyn Heights Railroad Company and Samuel W. Cornell. No opinion. Judgment and order unanimously affirmed, with costs.

SOCIALISTIC CO-OP. PUB. ASS'N v. KUHN et al. (Supreme Court, Appellate Division, First Department. March 15, 1901.) Action by the Socialistic Co-operative Publishing Association against Henry Kuhn and others. No opinion. Motion granted, with $10 costs.

SOUTHACK v. CENTRAL TRUST CO. (Supreme Court, Appellate Division, First Department. March 22, 1901.) Action by Louis V. Southack against the Central Trust Company. No opinion. Motion denied, with $10 costs.

SPITZER et al., Appellants, v. VILLAGE OF FULTON, Respondent. (Supreme Court, Appellate Division, Fourth Department. April 4, 1901.) Action by Ceilam N. Spitzer and another against the village of Fulton. No opinion. Judgment affirmed, with costs.

STANLEY, Respondent, v. WESTCHESTER ELECTRIC RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by Annie Stanley against the Westchester Electric Railway Company. No opinion. Judgment and order unanimously affirmed, with costs. Order denying motion for new trial on ground of newly-discovered evidence affirmed, with $10 costs and disbursements.

STANLEY, Respondent, v. WESTCHESTER ELECTRIC RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 22, 1901.) Action by Annie Stanley against the Westchester Electric Railway Company. No opinion. Motion granted, and order signed.

STANTON, Respondent, v. YONKERS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by Joseph P. Stanton against the Yonkers Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

In re STEENCKEN et al. (Supreme Court, Appellate Division, First Department. March 22, 1901.) In the matter of William Steencken and another. No opinion. Motion granted.

STEINWAY et al., Respondents, v. VON BERNUTH et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 15, 1901.) Action by Ottilie Marie Steinway and others against Louis Von Bernuth, as executor of George A. Steinway, deceased, and others. From a judgment overruling demurrers to the complaint, defendants appeal. Reversed. George W. Cotterill and John Delahunty, for appellants. R. Burnham Moffat, for respondents.

PER CURIAM. Interlocutory judgment affirmed, on the authority of Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, with costs.

JENKS, J. (dissenting). The several defendants appeal from an interlocutory judgment overruling their demurrers to the complaint. Their sixth ground of demurrer, that the complaint does not state facts sufficient to constitute a cause of action, raises the question whether the supreme court will take jurisdiction. The action is for an accounting by an executor and for certain further relief. Although the supreme court has jurisdiction in the premises concurrent with the surrogate's court (Haddow v. Lundy, 59 N. Y. 320; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263), yet in its discretion it will refuse to exercise such jurisdiction unless the powers of the surrogate's court be inadequate, or some reason appear why complete justice cannot be meted out in that court (Sanders v. Soutter, supra; Douglas v. Yost, 64 Hun, 155, 18 N. Y. Supp. 830; Matthews v. Studley, 17 App. Div. 302, 312,