26 Am. St. Rep. 523; and Kearney v. Railroad Co., 129 N. Y. 76, 80, 29 N. E. 70.   The court in the leading case say:

"The loss falls upon the lessor, and the continuance of the wrong during the term imposes no pecuniary loss upon the lessee.   To hold that the right of action vests in the lessee, or to divide the claim between the owners of the two estates, would be contrary to equity and to the presumed intention of the parties."

Until a different rule is laid down for measuring damages in cases of this general character, we deem it our duty to follow this decision, and to hold that the plaintiff failed to state sufficient facts to justify his cause of action.

The judgment appealed from should be affirmed, with costs.   All concur.

(75 App. Div. 308.)

NEW YORK BLDG. LOAN BANKING CO. v. BEGLY et al.

(Supreme Court, Appellate Division, Second Department.   October 10, 1902.)

1. MORTGAGES—FORECLOSURE—RECEIVERS—JUDICIAL DISCRETION.

   The appointment of a receiver of rents, etc.. pending a mortgage foreclosure is within the discretion of the court, even where the mortgage provides for the appointment of a receiver.

2. SAME—APPEAL—REVIEW.

   Where, on a motion for a receiver of rents, etc., pending mortgage foreclosure, the moving papers do not show with any certainty that the property covered by the mortgage is not sufficient to satisfy the plaintiff's claim, and there is no way of determining from the complaint the value of the securities held by the plaintiff, an order denying a receivership will not be disturbed.

Appeal from special term.

Mortgage foreclosure by the New York Building Loan Banking Company against Hugh J. Begly and another.   From an order denying the appointment of a receiver, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William H. Hamilton, for appellant.

James M. Gray (Herbert T. Ketcham and Joseph E. Owens, on the brief), for respondent.

WOODWARD, J.   This is an action for the foreclosure of a second mortgage, and a motion was made by the plaintiff for a receiver of the rents and profits pending the action.   This motion was denied, and the plaintiff appeals to this court.

While we might not be disposed to interfere with the order had it granted plaintiff's motion, we do not think the facts are sufficiently strong to justify this court in overruling the discretion of the court at special term.   The appointment of a receiver is specially within the equitable jurisdiction of the court, even where, as in the case now before us, the mortgage provides for the appointment of such an officer.   Fletcher v. Krupp, 35 App. Div. 586, 588,.

¶ 1. See Mortgages, vol. 35, Cent. Dig. § 1372.

55 N. Y. Supp. 146; Browning v. Sire, 33 Misc. Rep. 503, 68 N. Y. Supp. 875. In the absence of an improper exercise of the discretion vested in the court, this court will not reverse an order of the character of that presented in this case. The covenant of the parties is not controlling (Brick v. Hornbeck, 19 Misc. Rep. 218, 43 N. Y. Supp. 301; Eidlitz v. Lancaster, 40 App. Div. 446, 59 N. Y. Supp. 54), but is proper to be taken into consideration in determining the question whether or not a receiver should be appointed (Eidlitz v. Lancaster, supra). The matters stated in the moving papers do not show with any certainty that the property covered by the mortgage is not sufficient to satisfy the plaintiff's claim, and there is no way of determining from the complaint the value of the securities held by the plaintiff, which holds an assignment of 108 shares of class A stock, assigned to it by the defendant. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.