### THOMAS v. DAVIS et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. MORTGAGE—FORECLOSURE—RENTS AND PROFITS—RECEIVER.

Where a mortgage contains a provision entitling the mortgagee to the appointment of a receiver pending foreclosure to receive the rents and profits of the mortgaged premises, and it further appears that it is a second mortgage, that the party in possession refuses to pay the interest and taxes and is receiving the rents, and that there is doubt whether the security is adequate, a receiver will be appointed.

Appeal from Special Term, New York County.

Action by Eva A. Thomas against Henry A. Davis and others. From an order denying a motion for the appointment of a receiver, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles L. Hoffman, for appellant.
Henry A. Davis, for respondents.

¶ 1. See Mortgages, vol. 35, Cent. Dig. §§ 1374, 1375.

McLAUGHLIN, J. This action is brought to foreclose a second mortgage upon certain real estate in the city of New York. After its commencement the plaintiff moved for the appointment pendente lite of a receiver of the rents, issues, and profits of the real estate covered by the mortgage. The motion was denied, and she has appealed.

From the papers used upon the motion it appears that in December, 1902, one Andrew J. Thomas owned the real estate in question, which he conveyed to Baldwin & Betts subject to two mortgages— one for $85,000, held by the Metropolitan Life Insurance Company; and the other for $45,000, held by the plaintiff. The plaintiff's mortgage bore interest at the rate of 6 per cent., payable semiannually, and contained a provision to the effect that, if default were made for a period of 10 days in the payment of interest and for a period of 20 days in the payment of taxes and assessments, the whole of said principal sum of $45,000 should become due at the option of the mortgagee. It also contained a further provision that the mortgagee or her representatives or assigns were at liberty immediately after any default in payment of interest or taxes, upon proceedings taken for the foreclosure of the mortgage, to apply for and be entitled, as a matter of right, without regard to the value of the premises mortgaged, or the solvency or insolvency of the mortgagor or any owner of the premises, upon five days' notice, to the appointment of a receiver of the rents, issues, and profits of the premises covered by the mortgage. Baldwin & Betts defaulted in the payment of interest, and thereupon the plaintiff, exercising her option, elected to treat the whole sum as due, and brought an action to foreclose, which was subsequently discontinued, they having conveyed the property for the consideration of $1,000 to the respondent above named, Henry A. Davis, who on the same day gave a third mortgage for $1,000 to one Pinkney, who resides at Harrisburg, in the state of Pennsylvania. After the discontinuance of the prior action this action was commenced, the complaint setting forth the default in payment of interest and taxes for the year 1903, and by reason thereof plaintiff's election to treat the whole sum as due. Upon the summons and complaint affidavits showing the default and extent of the same, together with the value of the property and the pecuniary irresponsibility of the maker of the bond, plaintiff moved for the appointment of a receiver, which motion, as above indicated, was denied.

I am of the opinion that the motion should have been granted. The mortgage sought to be foreclosed is a second mortgage, and it may well be questioned, under the facts set out in the papers used upon the motion, whether the property is of sufficient value to enable the plaintiff to satisfy her mortgage on a sale or realize anything upon the bond. The mortgage contains a provision to the effect that, in case default be made in the payment of interest or taxes, a receiver may be appointed. This provision, of course, does not control the court as to what should be done, but it is a proper subject to take into consideration. Eidlitz v. Lancaster, 40 App. Div. 446, 59 N. Y. Supp. 54; Fletcher v. Krupp, 35 App. Div. 586, 55 N. Y. Supp. 146. The general rule, as I understand it, is, when a mortgage contains such a provision, and

it further appears, as here, that the mortgage sought to be foreclosed is a second mortgage, that the parties in possession refuse to pay the interest and taxes, are receiving the rents, and that there is doubt as to whether the security is adequate, that a receiver will be appointed. Here the fact is not disputed that all Davis paid for the property was $1,000, and that on the day he took title he mortgaged it for $1,000 to a nonresident; that the rents amount to nearly $1,000 a month, which he is receiving; and that he has neglected and refused to pay the taxes or interest, which fell due several months ago.  These facts brought the case within the general rule entitling a party to the appointment of a receiver.

The order appealed from therefore must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

(89 App. Div. 565.)

## In re EGAN'S ESTATE.

(Supreme Court, Appellate Division, First Department.  January 8, 1904.)

Appeal from Surrogate's Court, New York County.

Proceedings by Michael Stanley to compel an accounting by Addie Egan as executrix of the estate of Patrick Henry Egan, deceased. From an order requiring an accounting, the executrix appeals.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Jacob Fromme, for appellant.

Joseph K. Ellenbogen, for respondent.