CHATHAM-PHENIX NATIONAL BANK AND TRUST COMPANY, Plaintiff, *v.* HOTEL PARK-CENTRAL, INC., and Others, Defendants.

Supreme Court, New York County, July 17, 1931.

*Guggenheimer & Untermyer,* by *Samuel Untermyer,* and *Simpson Thatcher & Bartlett,* by *Hamilton Rickaby,* for the bondholders.

*Carter, Ledyard & Milburn,* for the trustees.

*Nathaniel L. Goldstein,* for Hotel Park-Central, Inc.

COLLINS, J. The plaintiff in these two foreclosure actions applies for the appointment of a receiver. The two mortgages which are being foreclosed cover the premises known as the Park-Central Hotel, at Fifty sixth street and Seventh avenue, Manhattan. The basis for the foreclosure is not contested; a default has occurred. However, bondholders' committees, representing $5,000,000 out of a total of $8,220,000 of first mortgage bonds and first mortgage bond certificates, issued under the mortgages, earnestly and vigorously oppose receivership as unnecessary and detrimental to the best interest of those concerned. The major ground for the application is the customary and conventional one, that the property has depreciated in value and that the business being conducted therein is operating at a loss. The nature of the business — that of a hotel — and the physical status of the property are also assigned as reasons for a receiver.

The mortgages or deeds of trust in suit grant to the plaintiff, " without notice to the company or any one claiming under it, and without regard to the then value of said mortgaged premises, or the solvency or insolvency of the company," the " strict right " to apply for a receiver, " and the company hereby irrevocably

consents to such appointment and waives notice of any application therefor."

Under section 974 of the Civil Practice Act a " receiver of property which is the subject of an action  *  *  *  may be appointed by the court,  *  *  *  before final judgment, on the application of a party who establishes an apparent right to, or interest in, the property, where it is in the possession of an adverse party and there is danger that it will be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed."

The plaintiff contends for nothing more than the existence of a *prima facie* case for the appointment of a receiver. On the argument plaintiff's counsel stated: " I am making this application on behalf of the Trust Company, for the protection of the Trust Company, and if they [defendants and bondholders] can convince your Honor that a receiver should not be appointed I am entirely satisfied."

The opposing papers are overwhelmingly convincing in sustaining the validity of the opposition. Not even the plaintiff assails the honesty or efficiency of the present management. Furthermore, it appears that reorganization plans fashioned to preserve and conserve the property and assets have been afoot for several months and were nearly culminated when the present application was made. Indeed, a complete agreement among all interested parties was nigh concluded. Such reorganization plans, designed to save properties from disaster and to prevent their dissipation through unnecessary and costly legal proceedings, ought to be encouraged, and whenever possible should receive judicial approbation.

The moving papers fail to disclose that a receivership will or can achieve anything which the reorganization plans cannot accomplish. I am not persuaded that a receivership here can do any good; it is apt to do appreciable and irreparable mischief. Receivership is a conservation and preservation remedy and should not be invoked unless necessity therefor clearly appears. The courts have no business in business. Frequently more good can be accomplished through private enterprise motivated by self-interest than through the impersonal intervention of the law. Consequently, the policy of the courts should be to avert rather than plunge into receivership.

The presence in the mortgages or deeds of trust of the receivership clause irrevocably consenting to the appointment of a receiver is not binding upon the court. Equitable aid is sought. Equity is more than a label for a particular branch of the law. It is everything the term implies.

" The appointment of a receiver is specially within the equitable jurisdiction of the court, even where, as in the case now before us, the mortgage provides for the appointment of such an officer." ( *New York Bldg. Loan Co.* v. *Begly,* 75 App. Div. 308.) " That the mortgage contains a clause in so many words mortgaging the rents and profits, does not require the court to appoint a receiver in an action to foreclose the mortgage. It may nevertheless exercise its discretion. * * * Parties may not by contract impose an obligation upon courts in such a respect. Extraordinary remedies are not resorted to unless required in order to do full justice. It is for the court in every instance to determine whether it should take upon itself such a trust, and whether it should do so in a case like this depends upon whether it is necessary for the security or protection of the mortgagee." ( *Brick* v. *Hornbeck,* 19 Misc. 218, 219.)

My conclusion is that the equities compel the denial of the application. Receivership is not " necessary for the security or protection of the mortgages." This disposition, however, is without prejudice to a renewal should the condition of the property in the future and new circumstances warrant such renewal.