THE CITY OF NEW YORK, Plaintiff, *v.* THOMAS DARLINGTON and HENRY A. THELLUSSON, as Trustees under a Depository Agreement Dated as of July 20, 1932, etc., and Others, Defendants.

Supreme Court, Special Term, New York County, August 30, 1941.

*William C. Chanler, Corporation Counsel* [*Julius Isaacs, Henry Silverman* and *Samuel K. Handel* of counsel], for the plaintiff.

*Edwin R. Wolff* and *Daniel A. Shirk*, for the defendants Thomas Darlington and Henry A. Thellusson, as trustees.

WALTER, J. In this action for the foreclosure of a tax lien on real property in the borough of Manhattan an order was made *ex parte* appointing the city treasurer as receiver of the rents and profits of that real property, and this motion to vacate that *ex parte* order is made by certain trustees who previously had been appointed by this court and were then in possession of that real property pursuant to such appointment.

The order appointing the receiver was made, and is sought to be sustained, under chapters 667 and 668 of the Laws of 1941, which added sections 415 (1)–53.1 and 415 (1)–53.3 to the Administrative Code of the City of New York and which took effect April 22, 1941, after this action was commenced. Those statutes provide that, in addition to other remedies upon a tax lien owned by it, the city, upon *ex parte* application to the court or a judge thereof, " shall be entitled " to the immediate appointment of its treasurer as receiver of the rents, issues and profits of the property affected by the tax lien, but obviously they are not to be construed as repealing settled equitable principles governing the appointment of receivers, or as depriving owners and mortgagees of their substantive property rights, or as limiting the jurisdiction of the court to apply those principles and protect such rights. It long has been settled that express covenants in mortgages which by their terms purport to give an absolute right to the appointment of a receiver are not controlling and give no absolute right, such appointments being specially within the jurisdiction of the court (*W. I. M. Corporation* v. *Cipulo*, 216 App. Div. 46, 51; *Finch* v. *Flanagan*,

208 id. 251, 254; *Thomas* v. *Davis*, 90 id. 1, 3; *New York Building & Loan Co.* v. *Begly*, 75 id. 308, 309; *Eidlitz* v. *Lancaster*, 40 id. 446, 447; *Chatham-Phenix National Bank* v. *Hotel Park-Central, Inc.*, 146 Misc. 208, 209), and there is no reason for supposing that by its use of similar words in these statutes the Legislature was attempting either to confer a greater right or to effect a greater limitation upon the court's jurisdiction than is accomplished by express contractual engagements. Indeed, to construe the statutes as making the appointment mandatory under all circumstances very well might render them unconstitutional.

The question here, therefore, is whether or not upon the facts presented the rights of the parties are such that the appointment of the treasurer as receiver is consistent with such rights.

The validity of the tax lien, and of the transfer thereof to the city, are both attacked. Obviously, such attack presents a fundamental objection, for if there be no valid lien, or if the city have not acquired a valid transfer thereof, there should be no receiver. Ownership of a valid lien is as essential to the right to a receiver under the statute as it is to the right to a receiver in an action to foreclose a mortgage. The city collector's books, however, make out a *prima facie* case (N. Y. City Administrative Code, § 415 (1)–53.1, subd. d; § 415 (1)–53.3, subd. d), or, as expressed in section 974 of the Civil Practice Act, " an apparent right to, or interest in, the property," and as the questions here raised as to the validity of the lien and the transfer thereof are questions of fact which should not be determined upon affidavits, and in the view I take are not essential to a decision of the motion, they are here left undetermined.

It is further asserted that in the course of certiorari proceedings affecting the property the city's representatives stipulated that no action would be brought to foreclose the lien until such certiorari proceedings were terminated, but I find it unnecessary to determine either the scope or efficacy of that stipulation.

Another contention is that there are no rents and profits of this real property for the reason that there are no tenants thereof, that the property is being used for the carrying on of a hotel business for the carrying on of which personal property not in any way subject to the alleged tax lien is essential, and that what the city treasurer is doing is not collecting rents and profits of the real property but carrying on the hotel business and taking the profits derived from such business and the use of such personal property. The logical inference from that contention, however, is that the city treasurer is going beyond the terms of the order appointing him as receiver of the rents and profits of the real property and doing something the order does not authorize, rather than that the order itself is invalid or should not have been made.

Finally, it is contended that the order sought to be vacated is invalid because the real property in question, at the time the order was made, already was *in custodia legis*, and I am of the opinion that that contention is well founded and, apart from other grounds, affords a compelling reason for granting the motion.

When the moving trustees were appointed as trustees of this real property the court appointing them took jurisdiction of the property for the purpose of administering it for the benefit of all persons interested therein, and from that time on their possession thereof was not subject to any interference by any other person or court, for the rule is well settled and fundamental that the court which first acquires jurisdiction over property has jurisdiction to hear and determine all claims and controversies relating thereto and that no other court may exercise any jurisdiction over that property by any kind of process while the jurisdiction of the first court continues. That rule has been most frequently stated in cases presenting conflicts between State and Federal courts, but it is of general application and is essential to the avoidance of unseemly and disastrous conflicts which would be subversive of justice, and it applies, not only to cases where the property has been actually seized, but also, to suits to marshal assets, administer trusts, liquidate estates, and suits of a similar nature where to give effect to its jurisdiction the court must control the property. (*United States* v. *Bank of New York & Trust Co.*, 296 U. S. 463, 477; *Penn Co.* v. *Pennsylvania*, 294 id. 189, 195; *Princess Leda* v. *Thompson*, 305 id. 456; *Palmer* v. *Texas*, 212 id. 118, 125; *Wabash Railroad* v. *Adelbert College*, 208 id. 38; *Farmers' Loan & Trust Co.* v. *Lake Street Elevated R. R. Co.*, 177 id. 51, 61; *Peck* v. *Jenness*, 7 How. [U. S.] 612, 624, 625.) It applies also where the interference is sought by means of different proceedings by different parties in the same court. (*Schuehle* v. *Reiman*, 86 N. Y. 270, 273; *Travis* v. *Myers*, 67 id. 542; *Hynes* v. *Alexander*, 2 App. Div. 109, 110.) The rule has been applied to prevent the United States from suing in its own courts to affect property in the possession of courts of New York (*United States* v. *Bank of New York & Trust Co., supra*) and there can be no doubt that it is equally applicable to the city of New York. The enactment that the city " shall be entitled " to have its treasurer appointed as receiver (Laws of 1941, chaps. 667, 668) certainly is no more forceful or compelling than the enactment that the United States may sue in its own courts (U. S. Code, tit. 28, § 41), and as the fact that the property already is *in custodia legis* prevents the United States from interfering with such property by means of such a suit (*United States* v. *Bank of New York & Trust Co., supra*), such fact likewise prevents the

city of New York from interfering with such property by means of such a receiver.

The present, indeed, is a case in which application of the settled rule is peculiarly imperative. The statutes in question provide that " all property for which the treasurer acts as receiver shall be managed by the bureau of real estate of the board of estimate under the direction of such board," and if that provision be effective the power of the court already having jurisdiction of the property would be most seriously interfered with and in effect destroyed.

I do not now hold, for the question is not necessarily involved upon this motion, that the city may not prosecute its suit for the purpose and to the extent of obtaining an adjudication as to the validity and amount of its lien (see *United States* v. *Bank of New York & Trust Co., supra,* 478; *Penn Co.* v. *Pennsylvania, supra,* 195; *Riehle* v. *Margolies,* 279 U. S. 218, 223, 224; *Kline* v. *Burke Construction Co.,* 260 id. 226, 230), although there presently appears no reason why even that adjudication cannot be had in the suit in which the moving trustees were appointed (see *Colson* v. *Pelgram,* 259 N. Y. 370), but it is entirely clear that its suit cannot be used to disturb the possession of the previously appointed trustees.

The city argues that moving trustees should not be allowed to continue in possession of the property and receive the income from the operation thereof and not pay the taxes thereon, but if the trustees be in receipt of income which should be applied to taxes the city has a plain and simple remedy by application to the court which appointed the trustees in the suit in which they were appointed, for it of course has full and complete power in that suit to direct and control their conduct.

The motion is accordingly granted. Settle order.