Henry M. Propper, as Temporary Receiver of Staatlich Genehmigte Gesellschaft Der Autoren, Komponister Und Musikverleger, Plaintiff, *v.* Deems Taylor, as President of the American Society of Composers, Authors and Publishers, an Unincorporated Association, Defendant.

Supreme Court, Special Term, New York County, October 23, 1945.

*Louis D. Frohlich* and *Herbert P. Jacoby* for defendant.

*Alexander D. Diamond* and *A. Walter Socolow* for plaintiff.

Walter, J. Prior to December 7, 1941, plaintiff, a citizen of the United States residing in New York, was appointed receiver of the assets in this State of an Austrian corporation referred to in the record as A. K. M. and brought this action to recover a sum of money allegedly due on contract from defendant to that Austrian corporation. Upon a motion for a stay made after December 7, 1941, I considered whether or not the action

came within the rule that an alien enemy resident in the enemy's country cannot during the war prosecute an action in our courts, and concluded that it did not for the reason that while it is possible that some proceeds of a recovery herein ultimately might benefit nonresident alien enemies, such benefit could be obtained only as a result of some order of the court (*Propper* v. *Buck,* 178 Misc. 76, 78–79, affd. 263 App. Div. 948). Thereafter the United States Alien Property Custodian made an order determining that the cause of action here asserted constitutes property of alien enemies and vesting the same in himself. Defendant now moves for summary judgment dismissing the complaint upon the ground that the order of the Alien Property Custodian leaves the plaintiff without any cause of action which plaintiff is entitled to prosecute. Plaintiff argues in opposition that, inasmuch as by the terms of section 977-b of the Civil Practice Act title to the cause of action vested in him upon his appointment, the order of the Alien Property Custodian cannot and does not divest plaintiff's title. It seems to me there are two answers to that contention. First, it seems to me exactly analogous to the contentions overruled in *Central Trust Co.* v. *Garvan* (254 U. S. 554), *Commercial Trust Co.* v. *Miller* (262 U. S. 51), *Disconto-Gesellschaft* v. *U. S. Steel Co.* (267 U. S. 22) and *Cummings* v. *Deutsche Bank* (300 U. S. 115). Second, the title which section 977-b of the Civil Practice Act confers upon the plaintiff is not a beneficial title but a title in trust for the Austrian corporation and its creditors.

But even though title to the cause of action be now vested in the Alien Property Custodian, it does not follow that defendant is entitled to summary judgment dismissing the complaint. Section 83 of the Civil Practice Act expressly provides that in case of a transfer of interest the action may be continued by the original party unless the courts direct the person to whom interest is transferred to be substituted in the action or joined with the original party.

Defendant's motion for summary judgment is accordingly denied, with leave to defendant to move to bring in the Alien Property Custodian as a plaintiff. If the Alien Property Custodian should resist the attempt to bring him in as a plaintiff and should succeed in such resistance upon a contention that he cannot be forced to litigate the claim in this forum (a question as to which I intimate no opinion), the defendant will be at liberty to renew this motion.