HENRY M. PROPPER, as Temporary Receiver of Staatlich Genehmigte Gesellschaft Der Autoren, Komponister Und Musikverleger, Plaintiff, *v.* DEEMS TAYLOR, as President of the American Society of Composers, Authors and Publishers, an Unincorporated Association, Defendant.

Supreme Court, Special Term, New York County, November 30, 1945.

*Louis D. Frohlich* and *Herbert P. Jacoby* for defendant.

*A. Walter Socolow* and *Alexander D. Diamond* for plaintiff.

*John F. X. McGohey, United States Attorney* (*Thomas G. Donlan* of counsel), for Alien Property Custodian appearing specially.

WALTER, J. Defendant heretofore moved for summary judgment dismissing the complaint upon the ground that an order made by the United States Alien Property Custodian since the action was commenced has vested title to the cause of action sued upon in such custodian. I denied the motion for the reason that, even though title to the cause of action be now vested in the custodian, summary judgment should not be granted because section 83 of the Civil Practice Act expressly provides that in case of a transfer of interest the action may be continued by the original party unless the court directs the person to whom the interest is transferred to be substituted in the action or joined with the original party (186 Misc. 70). What I wrote in connection with the denial seems to have been interpreted by the parties as a holding that the cause of action has vested in the custodian, but I certainly had no thought of making any definite ruling on that point. Even if my language were susceptible of such interpretation it would be purely dictum because that point was not necessarily involved in a disposition of the motion.

Defendant now makes this motion, not to join the custodian as a plaintiff (which is the utmost which I had envisaged), but to substitute the custodian as plaintiff in the place and stead of the present plaintiff. Obviously, that relief could not be granted except upon a holding, not only that title to the cause of action is now vested in the custodian, but, also, that the custodian has taken absolute title free and clear of any rights, claims or interests of the present parties and of those whom they represent. I think such a holding cannot be made, and, in any event, there is no reason for making it now. All that defendant now needs is protection from two suits, and for that a joinder of the custodian as coplaintiff is sufficient. The request for his substitution is therefore denied.

It is next necessary to consider the custodian's objection to being joined.

For present purposes I assume, without deciding, that the custodian could not be made a defendant against his will because a suit against him is in effect a suit against the United States. It does not follow that he cannot be brought in as a plaintiff without his consent. On the contrary, without attempting any definite determination as to the effect of the order by which the Alien Property Custodian has sought to vest this cause of action in himself, I think it is at least safe to say that if the custodian takes the cause of action at all, he must take it in the plight and

condition in which it was when he attempted to take it; and as applied to this case that means that he takes it as one upon which a suit already had been brought in this court and in which rights by way of an attorney's lien and possibly otherwise have been acquired by the institution of the action. Under these circumstances, the custodian should not be left free to stay out of this action and yet assert a right or interest in the cause of action. (See *U. S.* v. *Bank of New York Co.,* 296 U. S. 463, 477, and other cases cited in *City of New York* v. *Darlington,* 177 Misc. 87, 90; *Meyer* v. *Petrograd Metal Works,* 256 App. Div. 1077, 1078, motion for leave to appeal denied 281 N. Y. 887; *Allen* v. *Markham,* 147 F. 2d 136.)

But though the custodian's official position affords no reason why he should not be joined as a plaintiff, there may be some substance to his objection that he cannot be brought in upon a mere notice of motion served upon him in Washington (see *Matter of Matheson,* 265 N. Y. 81, 86–87), and for that reason I think that instead of granting the motion directly the preferable practice is to adopt the procedure frequently resorted to to compel the United States and the State of New York to come in and assert any claim they have or be barred from ever asserting any claim (see cases cited in *Matter of De Rario, Inc.,* 182 Misc. 427, 429).

The motion is accordingly granted to the extent only of directing that unless the custodian shall voluntarily procure himself to be made a coplaintiff in this action within sixty days after service upon him of a copy of the order hereon with notice of entry thereof, he will be barred and foreclosed of any and all right, title or interest in the subject matter of this action. Settle order accordingly.