1240 El Grant Highway LLC v 1240 Edward Grant LLC (2025 NY Slip Op 04041)

1240 El Grant Highway LLC v 1240 Edward Grant LLC

2025 NY Slip Op 04041

Decided on July 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 03, 2025

Before: Kern, J.P., Kennedy, Kapnick, Scarpulla, O'Neill Levy, JJ. 

Index No. 806781/24|Appeal No. 4696|Case No. 2025-01060|

[*1]1240 El Grant Highway LLC, Plaintiff-Appellant,
v
1240 Edward Grant LLC, Defendant-Respondent Joseph A. Alexander, et al., Defendants.

Lynch & Associates, Huntington (H. Michael Lynch of counsel), for appellant.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about January 29, 2025, which denied plaintiff's motion to appoint a receiver over a property in foreclosure, unanimously reversed, on the law, with costs, and the motion granted.
In this mortgage foreclosure action, the motion court erred in denying the plaintiff mortgagee's motion to appoint a receiver for the mortgaged property on the ground that the mortgagee did not show that the premises is in danger of being irreparably lost or damaged. Real Property Law § 254 (10) requires the appointment of a receiver in the event of any default, so long as the mortgage documents contain language in which the parties agree to the appointment. There is no requirement "that plaintiff demonstrate more than what is required by Real Property Law § 254 (10)" (SKW Hillside Bleecker Lender, LLC v 145 Bleecker LLC, 217 AD3d 536, 537 [1st Dept 2023]).
In support of its motion to appoint a receiver, plaintiff mortgagee provided sworn proof that the mortgage was in default, thus triggering section 29 of the subject mortgage, which states that the mortgagee "shall be entitled to the appointment of a receiver" in the event of a default. Inasmuch as there was no showing that the foreclosure action was improperly commenced, Supreme Court exceeded its limited discretion in denying the motion to appoint a receiver under Real Property Law § 254(10) (see Naar v Litwak & Co., 260 AD2d 613, 614 [2d Dept 1999]; W. I. M. Corp. v Cipulo, 216 AD 46, 49 [1st Dept 1926]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 3, 2025